CASE 59—ACTION BY A. A. WADSWORTH AGAINST CITY OF MAYSVILLE TO RECOVER COMPENSATION FOR HIS SERVICES AS POLICE JUDGE. —MAY 22.

# Wadsworth v. City of Maysville.

APPEAL FROM MASON CIRCUIT COURT.

JUDGMENT FOR DEFENDANT AND PLAINTIFF APPEALS. AFFIRMED.

MUNICIPAL OFFICERS—POLICE JUDGE—COMPENSATION—CHANGE AFTER ELECTION—CONSTRUCTION OF CITY ORDINANCE—COMPENSATION UNAUTHORIZED BY CITY CHARTER.

Held: 1. The compensation of a police judge, fixed by ordinance, can not be changed after his election or during his term of office.

2. Under Kentucky Statutes, section 3515 (part of charter of cities

of the fourth class), providing that fees in the police court "in all other than civil cases' shall be paid into the city treasury," and that the board of council shall, by ordinance, fix the compensation of the police judge, and section 3528, part of same charter, providing that, "when any fine or costs shall be paid by labor, the city shall not be liable to any officer for any part of such fine or costs," an ordinance fixing the compensation of the police judge at $900 per year and fees'' can not be regarded as providing for payment to the police judge of any fees in criminal cases, whether they be paid in money or by labor.

3. Even if the ordinance could be construed otherwise, it would be in conflict with the charter, and to that extent void, as a city can not make a contract prohibited by its charter; and, besides, Const., section 162, prohibits a city from paying any claim created by contract made without express authority of law.

THOMAS R. PHISTER AND A. E. COLE & SON, ATTORNEYS FOR APPELLANT.

Sixty days prior to the November election, 1893, the common council of the city of Maysville "determined by ordinance," duly made and published that a police judge should be elected by the people to have his office for four years and at the same time by said ordinance, fixed the compensation of said judge at $900 per year, and the fees of said office.

Appellant holds that said ordinance is an express written contract between the municipality and the appellant, and was consummated and completed by the city when it was approved by the mayor, and on the part of the appellant it was completed and accepted by his executing a bond and taking the oath of office as police judge of said city.

We contend that the Legislature meant to leave it discretionary with the cities, by express contract, to regulate the salary and fees, according to local conditions, either by allowing the judge a salary, or simply the fees of his office or both salary and fees.

Appellant claims that in all cases where parties have been convicted, and have been compelled to labor for their fines and costs, that the city having received the benefit of such labor, has thereby appropriated such fees to its use, and is legally bound to appellant for same, and therefore the judgment of the lower court sustaining a demurrer to appellant's petition should be reversed.

## AUTHORITIES CITED.

City of Vincennes v. City Gas Light & Coke Co., 16 L. R. A.,

485; Hoffman v. Aetna Fire Ins. Co., 88 Am. Dec., 344; Columbus Water Co. v. Columbus, 15 L. R. A., 354; Brown v. Atchison, 39 Kansas, 54; Hitchcock v. Galveston, 96 U. S., 34 (L. Ed., 659); Chicago v. Cameron, 9 West, R., 507; Brass F. & Machine Works v. Park o., 115 Ind., 223, 244 (15 West R., 105); Calhoun v. City Paducah, 78 Ky., 323, General Statutes, sec. 3528.

E. L. WORTHINGTON AND THOMAS M. WOOD, FOR APPELLEE.

This is an action brought by appellant for services rendered as police judge from October 1, 1894 to December 27, 1897, in taxing fees as costs which were worked out by the defendants at the rate of one dollar per day.

The lower court sustained a demurrer to appellant's petition and he appeals to this court.

We contend that the ordinance reasonably construed, allowing the police judge a salary of $900 and the fees of the office, meant such fees as the charter and statute reserved to the police judge, viz., fees in civil cases, and fees when he was setting as an examining court when his judgment was not final.

The fees sued for are expressly inhibited by the charter, section 3528, which provides: "When any fine or cost shall be paid by labor, the city shall not be liable to any officer for any part of such fine and cost."

We submit further that the ordinance is invalid in so far as it undertook to give to appellant any part of the fees of his office. Section 3515, Kentucky Statutes expressly requires those fees to be paid into the city treasury, and that the board of council should *fix* by ordinance the compensation of the police judge.

AUTHORITIES CITED.

Kentucky Statutes, secs. 3515, 3528, 3575; Dillon Mun. Corp., vol 1, sec. 317, page 394; sec. 230, pp. 312, 518; Power v. Fleming, 98 Ky., 200; 10 Bush, 708, 709; Constitution, sec. 162.

OPINION OF THE COURT BY JUDGE WHITE—AFFIRMING.

The appellee, city of Maysville, is one of the cities of the fourth class. Prior to the November election, 1893, the council of appellee city regularly passed an ordinance fixing the salaries of its officers. So much as is relevant hereto reads: "Be it ordained by the board of councilmen of the

city of Maysville that the salaries of the various city officers elected at the November election, 1893, and at all succeeding elections or appointments, shall be and the same are now fixed in the respective amounts herein below recited, as follows, to wit: . . . Police judge, $900.00 per year and fees." When this ordinance was passed, sections 3515 and 3528, Kentucky Statutes, were in force. These sections read: "These fees and costs shall be taxed in cases in said court to the same extent, in the same way, and under the same regulations as in courts having similar jurisdiction; but fees in all other than civil cases shall be paid into the city treasury. The board of council shall fix by ordinance the compensation for his services previous to his election or appointment." "Upon all judgments of fines rendered by the city court, whether in favor of the Commonwealth or for the city, it shall be lawful for the city attorney to cause a *fi. fa.* to be issued, to be levied on the estate of the defendant, or to take a *capias pro fine*, requiring the imprisonment of the defendant in the city workhouse, if there be one, or the county jail, or confined at work upon the streets of said city or in said workhouse, at the rate of one dollar per day until the fine and costs are paid, unless such rate of wages shall be changed by the board of council and when any fine or costs shall be paid by labor, the city shall not be liable to any officer for any part of such fine or costs." The appellant was elected to the office of police judge of Maysville at the November election, 1893, and qualified thereunder, and served the full term of four years. During all this term the appellee paid the salary of $900 per year, as fixed by the ordinance. This action is brought by appellant seeking to recover of appellee the fees due him as costs taxed in various cases where the person was convicted and the fine and costs paid by work on the

streets of the city and in the workhouse, as provided by section 3528, supra. The amount of such fees claimed is $999.40. A demurrer was sustained to the petition which pleaded these facts, and, upon failure to amend, the petition was dismissed, and hence this appeal.

It is insisted on behalf of appellant that the ordinance, supra, is a contract made by the city with appellant, and he is entitled to recover thereon. Whether this ordinance constituted a contract with appellant upon his election and qualification is unnecessary to determine. It could not be changed so as to affect his compensation after his election nor during his term of office. By the ordinance the appellant was entitled to receive his compensation for his services as police judge. By section 3515, Kentucky Statutes,—being a part of the charter of cities of the fourth class,—the council was given power to fix by ordinance the compensation of the police judge. The same section provides; "But fees in all other than civil cases shall be paid into the city treasury." So, when we look for the power in the charter of cities of the fourth class to fix the compensation of its police judges, we find that fees in criminal cases shall be paid into the city treasury, and that in all civil cases the police judge may collect. Again, we find in section 3528 an express prohibition against a liability of the city for fees or costs when the same is paid by labor by the convicted person. So, then, it is important to learn just what the city intended to do, and what it bound itself to do, by the ordinance fixing the salary. It can not be that the city undertook to pay the fees that appellant might earn as police judge. Appellant's counsel does not so contend for that construction. If that had been the meaning of the ordinance, the city would have assumed to pay all the fees and costs of litigants in civil cases. Of course, this was

not intended. The ordinance means that the police judge should receive out of the city treasury $900 per year, and might also collect all fees and costs to which he was entitled under the law. This law says that all fees in other than civil cases shall be paid into the city treasury. So that under the law the police judge was entitled to no fees in criminal prosecutions in his court. To compensate the judge for these fees that are to be paid into the treasury, the council was expected to, and in this case did, fix a salary. But it is said this section applies to fees paid in money. But the subsequent section 3528 leaves no doubt that the city is in no case liable for fees and costs paid by labor. The language is clear and plain in the charter, which is the city's constitution. There is nothing in the ordinance in conflict with the charter, but if there was, the charter, and not the ordinance, would govern. It is fundamental that no municipal corporation can make a contract against which there is a prohibition in the charter. Dill. Mun. Corp., sec. 447. But beyond this principle relating to municipal corporations, section 162 of the present Constitution is an express prohibition against the agreement or contract to pay any claim against the corporation made without express authority of law. To pay this claim in suit would be not only without authority of law, but against the express provisions of sections 3515, 3528, Kentucky Statutes,—being parts of the charter of appellee city. The cases cited by appellant's counsel coming from other States are not in point. The case of city of Paducah v. Calhoun, 78 Ky., 323, is not authority for appellant's contention here. The charter of Paducah did not contain the provision that the fees in all cases other than civil should be paid into the city treasury, nor was there a prohibition against the payment by the city where the fine and costs were paid by labor. The case of

Power v. Fleming Co., 99 Ky., 200 (18 R., 61), (35 S. W., 541), is more nearly in point. But this case is stronger than the Power case. Here there is no state of case where the police judge can receive the fees in criminal prosecutions in his court in misdemeanor cases. If the fine and costs are paid in money, the fees go into the treasury; if paid by labor, there is no liability.

Wherefore the judgment appealed from is affirmed.