### Craig, Auditor of Public Accounts v. Shelton.

(Decided February 5, 1924.)

### Appeal from Franklin Circuit Court.

1. Criminal Law—Courts having Criminal Jurisdiction.—County courts have no criminal jurisdiction, but quarterly courts are given criminal jurisdiction by Ky. Stats., section 1093.

2. Judges—County Judges Held Entitled to Commissions on Moneys Received Under Prohibition Act—"Fee."—Under Ky. Stats., sections 1721, 1731, county judges are entitled to receive 10 per cent. commission of all fines and forfeitures received in their respective courts and paid into the treasury, it not being the intention of the legislature that this extra compensation be given to the circuit court clerks for their services in Commonwealth cases, a "fee" being a recompense for an official or professional service or a charge or emolument or compensation for particular act or service.

THOS. B. McGREGOR, Attorney General, for appellant.

CHARLES CARROLL and T. C. CARROLL for appellee.

OPINION OF THE COURT BY JUDGE McCANDLESS—Affirming.

This action was brought in the Franklin circuit court under the declaratory judgment act seeking a construction of sections 1721 and 1731 of the Kentucky Statutes, Carroll's 1922 edition, being section 2 of article 1, and section 9 of article 4 of an act relating to fees approved June 15, 1893, pages 1131-1136, Acts 1891-2-3, and reciting:

Section 1731. "County judges, city or police judges and justices of the peace, for all services ren-

dered in the quarterly courts, city or police courts and justices' courts, so far as the same apply when the jurisdiction is concurrent with the circuit courts, shall be entitled to charge and receive the same fees allowed by law to clerks of circuit courts for similar services.''

Section 1721. ''As additional compensation for services in Commonwealth cases, each circuit clerk shall receive from the state treasury ten per cent (10%) of the amount of all fines and forfeitures recovered in their respective courts and paid into the state treasury but not until so paid in.''

The first provision was originally a part of section 1732, Kentucky Statutes, Carroll's 1915 edition. By an act of 1916, Acts 1916, page 702, section 1732 was repealed and section 1731 amended, this provision being made a part of the latter.

County courts have no criminal jurisdiction, but quarterly courts are given criminal jurisdiction by section 1093, Kentucky Statutes, Carroll's 1915 edition, thus:

''Justices' and quarterly courts, and the judges thereof, shall have jurisdiction exclusive of circuit courts in all penal cases, the punishment of which is limited to a fine not exceeding twenty dollars, and jurisdiction concurrent with circuit courts of all penal cases, the punishment of which is limited to a fine not exceeding one hundred dollars or imprisonment not exceeding fifty days.''

This jurisdiction was enlarged by section 2554a-41, Kentucky Statutes, being section 41 of chapter 33, Acts 1922, which provides:

''Quarterly courts and the judges thereof, justices of the peace and police courts shall have concurrent jurisdiction with the circuit court in the trial of all offenses committed in their respective jurisdictions under the provisions of this act, where the penalty which may be inflicted does not exceed a fine of three hundred dollars and imprisonment in the county jail not exceeding sixty days, and said courts shall always be open for the trial of such offenses.''

This act applies to violations of the prohibition law and its validity was upheld in Lakes v. Goodloe, 195 Ky. 240.

Since 1893 the clerks have been collecting 10% of the amount of all fines and forfeitures received in their respective courts and paid into the treasury, but it does not appear that the county judges have been making any claims to such fees; possibly this is by reason of the fact that nothing of consequence was collected by them prior to the enactment of the prohibition law, enlarging their jurisdiction in trials of that character of cases.

Since then such collections have measurably increased and it seems that the appellee has collected, reported and paid into the treasury, over $1,500.00 in this way, upon which he seeks commissions. It is argued that it was the intention of the legislature to give this extra compensation to the circuit clerks for their services in Commonwealth cases, but that this was not considered in the light of a fee nor intended to be extended for the benefit of county judges and justices of the peace whose services are compensated by the schedule of fees provided in section 1731.

We are unable to agree with this contention. The statute clearly provides that in cases of concurrent jurisdiction county judges and justices of the peace shall be entitled to charge and receive the same fees allowed by law to clerks of circuit courts for similar services, and it must be admitted that in these cases the jurisdiction is concurrent and the services similar.

The word "fee" is defined, "A fee is a recompense for official or professional services," Cochran's Law Lexicon; "A charge or emolument or compensation for particular act or service, every kind of compensation allowed by law," C. J., vol 21, page 1009. These definitions are sufficiently comprehensive to include the additional compensation awarded the clerk as a fee and as such it must be applied to other officers.

This was the view of the lower court, who granted a mandamus against the auditor requiring him to repay appellant 10% of the amount of the fines and forfeitures recovered in his court and paid into the state treasury.

Perceiving no error the judgment is affirmed.

Whole court sitting.