## Clark v. Vaughn, et al.

(Decided May 15, 1925.)

### Appeal from Christian Circuit Court.

Judges—Police Judge of City of Third Class Held Not Entitled to Percentage of Fines Recovered in Criminal Cases.—A police judge in city of third class, being required, under Ky. Stats., sections 3356, 3360, 3361, to pay into city treasurer all fines collected in criminal cases, and receiving a salary in lieu of statutory fees, held not entitled to 10 per cent of fines recovered in his court, under sections 1721, 1731, since such fines are not paid into state treasury, as required by section 1721, and section 1731 is applicable only to named officers who under existing laws are entitled to statutory fees.

WHITE & CLARK for appellant.

R. A. COOK, FLOYD J. LASWELL and W. FOSTER HAYES for appellee Watkins, Police Judge.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

Appellant is police judge of Hopkinsville, a city of the third class, and by this action seeks to recover 10 per cent of fines recovered in his court and paid into the city treasury, in all criminal cases of which the circuit court had concurrent jurisdiction.

Section 1731 of the statutes reads, in part:

"County judges, city or police judges and justices of the peace, for all services rendered in the quarterly courts, city or police courts and justices' courts, so far as the same apply when the jurisdiction is concurrent with the circuit courts, shall be entitled to charge and receive the same fees allowed by law to clerks of circuit courts for similar services."

By section 1721 it is provided that:

"As additional compensation for services in Commonwealth cases, each circuit clerk shall receive from the state treasury ten per cent (10%) of the amount of all fines and forfeitures recovered in their respective courts and paid into the state treasury, but not until so paid in."

Construing these two sections together, we held in Craig v. Shelton, 201 Ky. 790, 258 S. W. 694, that county judges and justices of the peace are thereby entitled to 10 per cent of all fines recovered in their courts and paid into the state treasury in cases whereof the circuit court had concurrent jurisdiction. Hence it is argued that police judges, too, are entitled to 10 per cent of all fines collected upon judgments rendered in like cases in their courts, because they are included in section 1731, *supra,* just as are county judges and justices of the peace.

Notwithstanding the seeming force of this argument, it is clearly without merit in so far as police judges in cities of the third class are concerned, because by charter provisions (Kentucky Statutes, sections 3356, 3360 and 3361), all fines, as well as the costs taxed on behalf of the judge or clerk, that are collected on judgments rendered in the police court in criminal cases, are paid into the city treasury rather than the state treasury, and belong to the city, and the police judge, for his services in such cases, is paid a salary in lieu of statutory fees and costs.

Hence these statutes (sections 1721 and 1731) by their very terms, do not apply to police judges in cities of the third class, (1) because the fines recovered in their courts are not "paid into the state treasury," as required by section 1721, and (2) because the police judge is not entitled to the statutory fees allowed by section 1731 for his services in criminal cases.

It is insisted, however, for appellant: (1) That the legislature, in passing section 1731, clearly intended to make the fees of judges of inferior courts the same as circuit clerks were allowed for similar services, and that it was therefore not contemplated or intended that there should be any distinction growing out of whether the fines were paid into the state or the city treasury, and that to construe the act literally, and so as to exclude police judges from its benefits, would defeat the evident legislative intent; and (2) that the sections of the city charter, in so far as inconsistent with section 1731, are thereby repealed, since it is the later enactment.

It is true only, however, that in enacting section 1731, the legislature was enacting a general law fixing fees of county judges, city or police judges, and justices of the peace, and intended thereby to allow them the same fees as allowed by existing law to clerks of circuit courts

for similar services, "so far as the same apply." The inclusion of this quoted phrase in section 1731 clearly indicates a legislative purpose to limit the application of the section to such officers of the named classes as, under the existing law, were entitled to statutory fees for their services, and likewise that the legislature did not intend thereby to disturb the charter provisions by which police judges in certain cities were not entitled to statutory fees for their services in criminal cases, but were paid a salary in lieu thereof.

As the judgment herein so construes the section, it is affirmed.