## City Of Frankfort et al. v. Jeffers.

March 15, 1949.

As Modified on Denial of Rehearing

October 18, 1949.

Frank M. Dailey for appellants.

William A. Young for appellee.

JUDGE HELM—Reversing.

Appellants demurred to appellee's petition. The trial court overruled the demurrer. Appellants declined to plead further and now prosecute this appeal from the judgment entered for appellee.

Appellee, J. W. Jeffers, has been the police judge of Frankfort, a city of the third class, for a number of years. He was re-elected December 1, 1945, for a four year term. He brought this action against the City, asking for a declaration of rights and a writ of mandamus to tax as costs for his official services rendered in all litigation, both civil and criminal, properly coming before him, the fees and amounts set forth and prescribed in KRS 64.240, sec. 2, which reads in part as follows:

"(2)   In actions where the amount in controversy, exclusive of interest and costs, is $50 or under, and for

certain other services rendered in the performance of official duties hereinafter specified, the fees of police judges and justices of the peace, so far as the same apply, shall be: * * *." (Fees enumerated.)

Appellee further asked for a monthly accounting of the costs thus taxed from the treasurer of the City of Frankfort and for a writ of mandamus against appellants, the Board of Common Council of the City of Frankfort, directing them to enter an appropriate order allowing and directing the appellant, Edmund Rodman, treasurer of the City of Frankfort, to pay to appellee the monies received and collected by him as fees or costs for the official services of appellee rendered in all prosecutions originating in the Frankfort police court.

The circuit court's judgment is in part as follows:

"(1)  The plaintiff, J. W. Jeffers, a Police Judge of the City of Frankfort, is entitled to tax as costs for his official services rendered in all litigation * * * the fees and amounts set forth and prescribed in detail in KRS 64.240, sub-section 2, * * *.

"(2)  That plaintiff * * * is entitled to a monthly accounting from the defendant, Edmund Rodman, Treasurer of the City of Frankfort, and to a monthly payment from said Treasurer of all of the costs thus taxed as fees or commissions for his official services as Police Judge of said city which were collected, paid to or received by the defendant, Treasurer of the City of Frankfort.

"All further questions of consequential relief, or of any other nature in connection with this action are hereby expressly reserved by the Court to a later date."

KRS 26.170 provides that in cities of the third class, the police judge shall receive an annual salary of at least $600, payable out of the city treasury and, further, that it may be increased by ordinance, but not during his term of office.

KRS 26.180 provides that when acting as an examining court, the police judge shall receive in addition to his salary the fees allowed to a justice or a county judge for the same services.

KRS 64.220 provides that, "Magistrates shall be

paid out of the State Treasury, for holding examining courts in felony cases * * *.''

KRS 26.580 provides that the police judge in cities of the third class shall be the clerk of his own court.

KRS 26.530, ss. 3, provides:

"All fines, forfeitures and costs recovered in the police court or in any prosecution originating in the police court of any city of the third class shall be paid by the marshall into the city treasury. The city treasurer shall give the marshal a receipt for each payment, and at each monthly settlement with the marshal the city auditor shall charge the treasurer with the amount of the receipts. The city legislative body shall make an order allowing the marshal, the prosecuting attorney and other officers their costs or commissions, and the balance of the amounts received shall be for the use of the city.''

Police judges of cities of the third class do not have civil jurisdiction. KRS 26.030.

Presumably the Board of Council of Frankfort, in accordance with the provision of KRS 26.170, passed an ordinance providing an annual salary for Police Judge Jeffers. In fact, appellants in their brief say that:

"In accordance with the provisions of KRS 26.170, the appellant passed the following ordinance dated September 25, 1945:

" 'Section 1. The Police Judge, on and after the first Monday in December, 1945, shall receive an annual salary of $2,100 per year, payable in equal monthly payments as now provided by law.' ''

But, as appellee points out, this alleged ordinance is not a part of the pleadings in this case and, further, there is no provision in the ordinance as quoted providing that the salary allowed is intended to be in lieu of any statutory fee.

Appellants contend that: (1) An interpretation of KRS 64.240, ss. 2, shows that the section does not apply to police judges in cities of the third class; (2) the Legislature never intended fees to be paid to police judges in third class cities; and (3) to allow judges to

participate in fees is a violation of the due process of law.

In Clark v. Vaughn, 209 Ky. 90, 272 S. W. 27, 28, the police judge of Hopkinsville, a city of the third class, sought to recover certain fines recovered in his court and paid into the city treasury. This court, after quoting K. S. 1731 (KRS 64.240) and K. S. 1721 (KRS 64.020), said:

"Construing these two sections together, we held, in Craig v. Shelton, 201 Ky. 790, 258 S. W. 694, that county judges and justices of the peace are thereby entitled to 10 per cent. of all fines recovered in their courts and paid into the state treasury in cases whereof the circuit court had concurrent jurisdiction. Hence it is argued that police judges, too, are entitled to 10 per cent. of all fines collected upon judgments rendered in like cases in their courts, because they are included in section 1731, supra, just as are county judges and justices of the peace.

"Notwithstanding the seeming force of this argument, it is clearly without merit in so far as police judges in cities of the third class are concerned, because, by charter provisions (Ky. Stats. secs. 3356, 3360, and 3361), all fines, as well as the costs taxed on behalf of the judge or clerk, that are collected on judgments rendered in the police court in criminal cases, are paid into the city treasury rather than the state treasury, and belong to the city, and the police judge, for his services in such cases, is paid a salary in lieu of statutory fees and costs."

It is to be observed that KRS 26.530 likewise provides that all fines, forfeitures and costs recovered in cities of the fourth class shall be paid into the city treasury.

In Wadsworth v. City of Maysville, 113 Ky. 455, 68 S. W. 391, the police judge of Maysville, a fourth class city, sought to recover fees due him as costs taxed in various cases where the person was convicted and the fines and costs paid by work on the streets and in the workhouse, this court said:

"So, then, it is important to learn just what the city intended to do, and what it bound itself to do, by

the ordinance fixing the salary. It cannot be that the city undertook to pay the fees appellant might earn as police judge. * * * If that had been the meaning of the ordinance, the city would have assumed to pay all the fees and costs of litigants in civil cases. Of course, this was not intended. The ordinance means that the police judge should receive out of the city treasury $900 per year, and might also collect all fees and costs to which he was entitled under the law. This law says that all fees in other than civil cases shall be paid into the city treasury. So that under the law the police judge was entitled to no fees in criminal prosecutions in this court. To compensate the judge for these fees that are to be paid into the treasury, the council was expected to, and in this case did fix a salary.''

In conclusion the court said:

''Here there is no state of case where the police judge can receive the fees in criminal prosecutions in his court in misdemeanor cases. If the fine and costs are paid in money, the fees go into the treasury; if paid by labor, there is no liability.''

The modern tendency is shown by the decision in Tumey v. State of Ohio, 273 U. S. 510, 47 S. Ct. 437, 441, 71 L. Ed. 749, 50 A. L. R. 1243, Tumey was arrested for violation of the Prohibition Act, 27 U. S. C. A. sec. 1 et seq. He, after making seasonable objection, was tried by the mayor of North College Hill, Ohio, without a jury, found guilty and fined $100. By ordinance it was provided that the mayor shall receive or retain his costs in each case in addition to his regular salary as compensation for hearing such cases. Tumey appealed on the ground that such a trial violated the due process clause of our Constitution, sec. 11, because the trial judge had a pecuniary interest in finding the accused guilty. In upholding the contention of the accused, the court said:

''But it certainly violates the Fourteenth Amendment and deprives a defendant in a criminal case of due process of law to subject his liberty or property to the judgment of a court, the judge of which has a direct, personal, substantial pecuniary interest in reaching a conclusion against him in his case.''

In Wagers v. Sizemore, 1927, 222 Ky. 306, 300 S. W. 918, 920, the defendant likewise made timely ob-

jection. There this court followed the rule in the Tumey case, saying:

"The opinion of the Supreme Court of the United States construing the Constitution of the United States is binding on this court, and it is as much the duty of this court to uphold the Constitution of the United States as it is to uphold the Constitution of Kentucky."

However much we may sympathize with the plea of Judge Jeffers for more adequate compensation, we are constrained to hold that appellants' demurrer to appellee's petition should have been sustained. The judgment of the circuit court is reversed.