### Ex parte BAER.

District Court, E. D. Kentucky, at Covington.
May 23, 1927.

No. 3803.

1. **Constitutional law 257—Habeas corpus ☞ 45(3)—Person convicted before state judge, sharing in fine imposed, held denied due process, and dischargeable on habeas corpus (Ky. St. §§ 1721, 1731, 1760, 2554a2; Ky. St. Supp. 1924, § 2554a41; Const. U. S. Amend. 14); "peculiar urgency."**

One convicted of unlawfully selling intoxicating liquor, in violation of Ky. St. § 2554a2, before judge entitled to portion of fine imposed under sections 1721, 1731, 1760, and Ky. St. Supp. 1924, § 2554a41, *held* in custody without due process of law, and in violation of Const. U. S. Amend. 14, and entitled to discharge on habeas corpus; the case being one of "peculiar urgency," in view of inability of defendant to assert claim further in state courts.

2. **Constitutional law ☞43(1)—Refusal to discharge one whose custody was without due process by reason of conviction before interested judge held not warranted on theory that right had been waived (Const. U. S. Amend. 14; Ky. St. §§ 1721, 1731, 1760; Ky. St. Supp. 1924, § 2554a41).**

Refusal to discharge one whose custody was without due process of law, and in violation of Const. U. S. Amend. 14, because of conviction before judge entitled to portion of fine assessed (Ky. St. §§ 1721, 1731, 1760; Ky. St. Supp. 1924, § 2554a41), *held* unwarranted, on ground that defendant had waived constitutional right to disinterested and impartial judge by failure to object to judge trying case, particularly in view of fact that objection, if made, would have been ineffectual.

3. **Habeas corpus ☞45(3)—Discharge from state custody in violation of federal Constitution is warranted only in cases of peculiar urgency.**

One in state custody, and claiming that such custody is in violation of federal Constitution, is not in every case entitled to writ of habeas corpus, and to discharge under it, but only in cases of peculiar urgency, which cannot exist if constitutional right can be asserted in prosecution pursuant to which he is in custody.

Habeas Corpus. Proceeding by John Baer to obtain release from custody of F. L. Hinton, Sheriff of Fleming County, Ky. Petitioner discharged.

O. R. Bright, of Flemingsburg, Ky., for petitioner.

B. S. Grannis, of Flemingsburg, Ky., for sheriff of Fleming county.

ANDREW M. J. COCHRAN, District Judge. This cause is before me on a writ of habeas corpus and return thereto. The petitioner is in the custody of F. L. Hinton, sheriff of Fleming county, in this district, under a capias pro fine, issued by the county judge thereof, on a judgment of the Fleming quarterly court, held by the county judge, rendered July 30, 1924, adjudging the petitioner guilty of violation of the liquor laws of this state, by unlawfully selling intoxicating liquor in Fleming county, and sentencing him to pay a fine of $300 and $25 costs, and to confinement in the county jail for a period of 30 days, and for a further period of 90 days upon failure to give a peace bond in the sum of $1,000. The fine and costs have been paid, and the capias is in execution of the part of the sentence providing for confinement in the county jail.

The writ was sued out under and in pursuance of sections 751–755, and 761, U. S. Revised Statutes (Comp. St. §§ 1279–1283, 1289). By those statutory provisions the District Court of the United States and any judge thereof are empowered to grant writs of habeas corpus for the purpose of inquiring into the cause of restraint of any prisoner who is in custody "in violation of the Constitution of the United States." They further provide that, upon return of the writ, the court or judge granting it shall proceed in a summary manner to determine the facts of the case, by hearing the testimony and arguments and "dispose of the party as law and justice may require."

[1] It is claimed by the petitioner that he is in custody in violation of the Fourteenth Amendment to the federal Constitution, in that such custody is without due process of law. He makes this out in this way: The judge, who tried the case and imposed the sentence, had a direct and substantial pecuniary interest in the imposition of such sentence. If this be so, then the sentence under which the petitioner is in custody comes within the recent decision of the Supreme Court of the United States in the case of Tumey v. Ohio, 47 S. Ct. 437, 71 L. Ed. ——.

That this is so is beyond question. The prohibition law of Kentucky (section 2554a2, Carroll's Kentucky Statutes [6th Edit.] 1922) provides that on a first conviction for

unlawfully selling intoxicating liquor in violation thereof the defendant shall be fined not less than $100 nor more than $300, and imprisoned in the county jail for not less than 30 days nor more than 60 days. By section 2554a41 (Ky. St. Supp. 1924), it is provided that quarterly courts and the judges thereof shall have concurrent jurisdiction with the circuit court in all cases where there has been no prior conviction. By section 1731 it is provided that county judges, for all services rendered in quarterly courts, so far as the same applies when the jurisdiction is concurrent with the circuit court, shall be entitled to charge and receive the same fees allowed by law to clerks of circuit courts for similar services. By section 1720 it is provided that clerks of circuit courts shall receive certain specified fees for certain specified services; and by section 1721 that, as additional compensation for services in commonwealth cases, each circuit clerk shall receive from the state treasury 10 per cent. of the amount of all fines and forfeitures recovered in their respective courts and paid into the state treasury, but not until so paid in. By section 1760 it is provided that no officer shall be entitled to any fee in a proceeding for a misdemeanor unless the same is recovered and collected from the defendant.

It is clear, from this recital of the relevant legislation, that the county judge, who imposed the sentence complained of, had a direct and substantial pecuniary interest therein. He had such interest to the extent of his fees, constituting a part of the $25 costs adjudged against the petitioner, amounting to at least $15, and of 10 per cent. of the fine of $300, i. e., $30, or in all at least as much as $45. The statutes, in providing that he should have such interest therein and that the quarterly courts held by him should have jurisdiction to impose such sentence, and the imposition of such sentence by him, deprived the petitioner potentially of his property and liberty without due process of law, and hence are in violation of the Fourteenth Amendment. That such is the case is established by the Tumey decision. The petitioner, therefore, is in custody in violation of the federal Constitution, and it would seem that it follows from this as a matter of course that he is entitled to be discharged.

[2] The commonwealth concedes that the statutes in question in so providing are unconstitutional as claimed, and yet it contends that the petitioner is not entitled to his discharge. The sole ground upon which it bases

20 F.(2d)—58

this contention is that the petitioner did not object to the county judge trying the case. It urges that he thereby waived his constitutional right to be tried by a disinterested and impartial judge. The disposition of this contention calls for a consideration of the federal statutes under which this writ was sued out, in order to understand clearly what they require.

[3] It is well settled that one who is in state custody, and claims that such custody is in violation of the federal Constitution, is not in every case entitled to a writ, and to a discharge under it. It is only in cases of "peculiar urgency" that he is entitled thereto. And, generally speaking, if he can assert this constitutional right in the prosecution pursuant to which he is in custody, it is not a case of "peculiar urgency." The matter is thus put in Baker v. Grice, 169 U. S. 290, 18 S. Ct. 326, 42 L. Ed. 748:

"From these cases it clearly appears, as the settled and proper procedure that while Circuit Courts of the United States have jurisdiction, under the circumstances set forth in the foregoing statement, to issue the writ of habeas corpus, yet those courts ought not to exercise that jurisdiction by the discharge of a prisoner unless in cases of peculiar urgency, and that instead of discharging they will leave the prisoner to be dealt with by the courts of the state; that, after a final determination of the case by the state court, the federal courts will even then generally leave the petitioner to his remedy by writ of error from this court. The reason for this course is apparent. It is an exceedingly delicate jurisdiction given to the federal courts by which a person under an indictment in a state court and subject to its laws may, by the decision of a single judge of the federal court upon a writ of habeas corpus, be taken out of the custody of the officers of the state and finally discharged therefrom, and thus a trial by the state courts of an indictment found under the laws of a state [can] be finally prevented. Cases have occurred of so exceptional a nature that this course has been pursued, * * * but the reasons for the interference of the federal court in each of those cases were extraordinary, and presented what this court regarded as such exceptional cases as to justify the interference of the federal tribunal. Unless this case be of such an exceptional nature, we ought not to encourage the interference of the federal court below with the regular course of justice in the state court."

This matter can be found fully developed in my opinion in the case of In re Matthews

(D. C.) 122 F. 248. But it is a case of "peculiar urgency" where the granting of the writ and of a discharge thereunder will not interfere with "the regular course of justice in the state court." This it cannot do, if the prosecution under which the petitioner is in custody has been finally disposed of, so that the constitutional right cannot be asserted otherwise than by the writ. This is the case here. The sentence complained of was imposed July 30, 1924. No appeal was taken from it, and it is not possible to take one now. The requirement as to asserting the constitutional right in the state court has reference only to cases of "peculiar urgency"; i. e., where the prosecution is still pending in the state court and that right can be asserted therein. It has no reference to such a case as this.

The petitioner is not bound to seek a discharge by writ of habeas corpus in the state court, though the petitioner here did and was denied. Where the writ is applied for after the final termination of the state prosecution, it cannot be put forth as a ground for denying the writ, or a discharge thereunder by the federal court, that the constitutional right was not asserted in the state court during the pendency of the prosecution therein, and that by reason thereof such right was waived. To so hold would practically make the federal statute providing for a writ of habeas corpus a dead letter, in cases where the prosecution in the state court has terminated. If it had been asserted therein, presumably it would have been sustained, and there would have been no necessity for the writ. It is only in case it was not asserted therein that there would be any occasion for a resort to the writ.

This case, however, is in a certain particular peculiar. In the ordinary case, and possibly in all cases which have arisen under this federal statute as to writs of habeas corpus, the constitutional claim was that the legislation providing for the prosecution under which the petitioner is in custody was in violation of the federal Constitution. Such is not the case here. The unconstitutionality complained of here consists, not in the legislation making it an offense to sell intoxicating liquor, and providing for the prosecution and punishment of one for such an offense, but in providing that the county judge shall have a pecuniary interest in the successful prosecution of such an offense in the quarterly court, and conferring jurisdiction on the quarterly court of such an offense, with the provision giving the county judge such an interest.

But I do not think that this peculiarity in this case makes a difference. The petitioner is in state custody by virtue of a law of the state, in violation of the federal Constitution by so doing. This is conceded; and it is a case of "peculiar urgency." The prosecution in the state court has long ago been finally terminated. It is not possible for the petitioner now to assert his constitutional right therein. The federal statutes provide, in so many words, that one in state custody in violation of the federal Constitution, limited by the Supreme Court of the United States to cases of peculiar urgency, shall be entitled to the writ and to a discharge thereunder. To deny petitioner his discharge on the ground relied on would be to withhold from him the relief which the statute provides he is entitled to. The only possible basis for the contention of the commonwealth is that the statute provides for a disinterested and impartial judge, if point is made that the county judge is not, and should vacate the bench. Provision is made for a special judge by section 1056, Carroll's Kentucky Statutes 1922 (6th Edit.); but I am unable to make out that his compensation for his services is not the same as that of the county judge. In other words, it is at least uncertain whether provision is made for a disinterested and impartial judge of the quarterly court in the exercise of its criminal jurisdiction. If there is not, the making of an objection to the county judge trying the case on account of his interest would have been useless.

Besides this is not a case where one should be held to have waived his constitutional right by failure to assert it, when he could have done so effectively. The petitioner did not know that he had such right, and was not in fault in not so knowing. I have not taken the pains to trace the beginning of the legislation in Kentucky providing for compensation of inferior judicial officers in this way. It certainly has been in existence for a very long time—not unlikely from the beginning of the commonwealth. Prior to the decision in the Tumey Case, it had not occurred to any lawyer in Kentucky to make such a point, and it is not unlikely that the state courts would have held the point was not well taken, just as the Ohio courts did. It took the Supreme Court to straighten the matter out. To hold that the petitioner had thus waived his right would be nothing short of arbitrary. There is no reasonable basis for such a position.

Attention is called to the stress laid in the Tumey Case on the fact that the defendant there asserted his constitutional right at

the start of the prosecution against him. That case, however, was before the Supreme Court on error, and it was important to bring out that the point had been raised in the lower court.

The petitioner is entitled to his discharge.