## Wagers v. Sizemore, et al.

(Decided December 6, 1927.)

### Appeal from Clay Circuit Court.

1. Constitutional Law.—Defendant convicted, before justice of peace sitting with jury, of obstructing a public highway, held to have been deprived of due process of law under constitution U. S. Amend. 14, where justice of peace received portion of $10 fine and costs, and where the justice argued the case and directed jury to enter fine against defendant, since justice had pecuniary interest in convicting defendant, and his fees and costs, amounting to $6, were not so insignificant as to be within maxim "De minimis non curat lex."

2. Injunction.—Where defendant had raised objection, under Constitution U. S. Amend. 14, before trial for obstructing public highway, to trial before justice of peace with jury, because justice had pecuniary interest in convicting defendant, question of justice's disqualification could be raised in injunction proceeding to prevent enforcement of $10 fine, from the judgment assessing which there was no appeal.

3. Courts.—Opinion of United States Supreme Court construing due process clause of Constitution U. S. Amend. 14 held binding on Court of Appeals, especially in view of Constitution Kentucky, sec. 228.

A. D. HALL for appellant.

G. M. MANNING, CHARLES CARROLL and T. C. CARROLL for appellees.

OPINION OF THE COURT BY JUDGE LOGAN—Reversing.

Everett Sizemore was a justice of the peace in Clay county, and as such he issued a warrant of arrest for Frank Wagers, in which warrant Wagers was charged with obstructing a public highway. The warrant was placed in the hands of a deputy sheriff, who arrested Wagers and carried him before Sizemore, justice of the peace aforesaid. Wagers appeared before Sizemore, and filed his affidavit, in which he stated that he could not get a fair and impartial trial before Sizemore, justice of the peace, and he gave the reasons why, in his opinion, he could not obtain a fair trial. Upon the filing of the affidavit the justice of the peace vacated the bench, and announced that he would call another justice of the peace to preside at the trial. The services of no other justices of the peace were obtained to preside at the trial, and Sizemore concluded to try the case himself. Wagers then

filed additional grounds in support of his motion that Sizemore should not try him, and one of the additional grounds which he at the time presented was that the justice was pecuniarily interested in the case, and would receive a portion of the fine as well as costs in the case of conviction.

Sizemore did not vacate the bench upon the filing of the additional grounds, but proceeded to try Wagers for the offense of obstructing a public highway. A jury was impaneled, and returned a verdict finding Wagers guilty, and fixing his fine at $10. Sizemore, in his official capacity, entered judgment for $10 and $20.80 cost.

Believing that his constitutional rights had been interfered with, the appellant instituted his suit by petition in equity in the Clay circuit court against Everett Sizemore, justice of the peace, in which he set out the facts detailed herein and some additional facts. He alleged that Sizemore, as justice of the peace, was threatening to issue a capias pro fine on the judgment which had been entered against appellant in the trial for obstructing a public highway, and that, unless he was enjoined, he would issue a capias pro fine, and place it in the hands of an officer to do execution thereof. He prayed for an injunction against Sizemore as justice of the peace which would prevent his attempting to cause the judgment for fine and cost to be satisfied. The copy of the judgment, filed as an exhibit with the petition, shows that the cost of the justice of the peace was $5 and it is alleged in the petition that the justice of the peace under the law receives 10 per cent. of all fines. The justice of the peace is interested in the judgment to the extent of $6.

Appellant amended his petition making Carlo Sizemore a defendant, because, as is alleged in the amended petition, a capias pro fine had been issued by the justice of the peace and placed in the hands of Carlo Sizemore for execution. Everett Sizemore and Carlo Sizemore, in their official capacities, filed a general demurrer to the petition as amended. The lower court sustained the demurrer, and, upon appellant's failure to plead further, his petition was dismissed, and the relief sought by him was denied.

The appellant claims that the judgment entered against him by the appellee Sizemore, justice of the peace, and the proceedings wherein it was obtained, deprived him of due process of law, and violated the Fourteenth Amendment to the federal Constitution, because

of the pecuniary interest which the justice of the peace had in the result of the trial. In support of his contention he relies on the case of Tumey v. State of Ohio, 273 U. S. 510, 47 S. Ct. 437, 71 L. Ed. 749, 50 A. L. R. 1243, decided by the Supreme Court of the United States, March 7, 1927. In discussing the statutes under which Tumey was tried, that court said:

> "The trial is to be had before a mayor without a jury, without opportunity for retrial, and with a review confined to questions of law presented by a bill of exceptions, with no opportunity by the reviewing court to set aside the judgment on the weighing of evidence, unless it should appear to be so manifestly against the evidence as to indicate mistake, bias, or willful disregard of duty by the trial court."

In the case under consideration, the appellant could not appeal, as the fine imposed on him was only $10. He was tried before a jury, but, it is alleged in the petition, and the demurrer admits the allegation as true, that the appellee Sizemore, justice of the peace, argued the case to the jury, and directed the jury to enter a fine against the defendant.

That the justice of the peace was financially interested in the result of the trial cannot be disputed. On that point the opinion of the Supreme Court in the case referred to thus states the law:

> "From this review we conclude that a system by which an inferior judge is paid for his service only when he convicts the defendant has not become so embedded by custom in the general practice, either at common law or in this country, that it can be regarded as due process of law, unless the costs usually imposed are so small that they may be properly ignored as within the maxim 'De minimis non curat lex.' "

The fine imposed on the appellant in this case was $10, and the sum which the appellee Sizemore, justice of the peace, would receive as the result of the judgment, if it should be collected, is $6. The costs are not so small that they may be properly ignored as within the maxim above stated.

The Supreme Court in that case, in response to the argument that the defendant was guilty, and, as he received the minimum fine, he could not complain of a lack

of due process either in his conviction or in the amount of the judgment, said:

"The plea was not guilty and he was convicted. No matter what the evidence was against him he had the right to have an impartial judge. He seasonably raised the objection, and was entitled to halt the trial because of the disqualification of the judge, which existed both because of his direct pecuniary interest in the outcome, and because of his official motive to convict and to graduate the fine to help the financial needs of the village. There were thus presented at the outset both features of the disqualification."

In the case under consideration the appellant seasonably raised the objection that the justice of the peace was disqualified because of his direct pecuniary interest in the outcome of the trial. The question was ignored, and he was tried before a judge, who was disqualified to try him because of that pecuniary interest. As he raised the question before trial, it is available to him here. He is without remedy other than that which he is now pursuing for the manifest injustice that was done him.

The opinion of the Supreme Court of the United States construing the Constitution of the United States is binding on this court, and it is as much the duty of this court to uphold the Constitution of the United States as it is to uphold the Constitution of Kentucky. The oath which must be taken by members of the General Assembly and all officers, including the members of this court, before they enter upon the execution of the duties of their respective offices as prescribed by section 228 of the Constitution of Kentucky, imposes on each officer the solemn sworn duty to support the Constitution of the United States as well as the Constitution of this commonwealth.

The record in this case brings it within the rule announced by the Supreme Court of the United States in the Tumey case, supra, and, as the lower court reached a different conclusion, the judgment must be reversed, with directions to the lower court to overrule the demurrer to the petition as amended, and upon final hearing to grant appellant the relief sought, if the facts alleged in the petition are substantially established.

Judgment reversed and cause remanded for proceedings consistent with this opinion.

Whole court sitting.