Ex Parte A. R. Kelly.

No. 11814.   Delivered November 7, 1928.

The opinion states the case.

*E. B. Ward* and *S. Eldon Dyer* of Corpus Christi, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MARTIN, JUDGE.—This is an appeal from a judgment of the District Court of Nueces County remanding relator to the custody of the Sheriff of Nueces County until the fine and costs assessed against him in Justice Court of said county were fully paid.

From the record it appears that relator was tried in the Justice Court of Nueces County and a judgment of conviction entered against him assessing a fine of $1.00 and all costs, the total of which amounted to $23.35. Included among the costs was an item of $3.85 for the justice of the peace before whom relator was tried and who found him guilty and entered the judgment aforesaid. Relator refused to pay such fine and costs, claiming that the justice of the peace before whom he was tried was disqualified and that his conviction was in violation of both the United States Constitution and our State Constitution. This question he presented to the District Court of Nueces County on the habeas corpus hearing with the result aforesaid.

This record presents the question pointedly as to whether or not a justice of the peace in Texas who receives fees if a judgment of conviction is entered, but none otherwise, is disqualified under Art. 5, Sec. 11, of our State Constitution, which contains the provision: "No judge shall sit in any case wherein he may be interested."

The further question is presented as to whether relator has been unconstitutionally deprived of "due process of law" as expressed in the Fourteenth Amendment to the United States Constitution, by being subjected to a judgment depriving him of his liberty by a judicial officer who receives remuneration for his services only if a judgment of conviction is entered.

Art. 552, C. C. P., provides:

"No judge or justice of the peace shall sit in any case where he may be the party injured, or where he has been of counsel for the State or the accused, or where the accused or the party injured may be connected with him by consanguinity or affinity within the third degree."

The quoted portion of Art. 5, Sec. 11, of our State Constitution is not included within the terms of Art. 552, C. C. P. It hardly seems necessary to state that the provisions of the constitution control.

Justices of the peace under the terms of Art. 1066, C. C. P., are allowed the fees therein specified in criminal actions tried before them, to be collected of the defendant in case of his conviction. The statute makes no other provision for his compensation. Title 11, Arts. 879 to 920, C. C. P., inclusive, relate to the duties of justices of the peace and the trial of cases in their courts.

Among these we note the following: That the justice of the peace shall examine the witnesses if the State is not represented by counsel, that the rules of evidence which govern in the trial of cases in the District Court shall apply to actions in Justice Courts, and that the justice may grant only one new trial to the accused. Other provisions of the Code of Criminal Procedure authorize an appeal to the County Court from convictions in Justice Court, but limit the further appeal to the Court of Criminal Appeals to those cases where the fine imposed exceeds $100.00. Art 53, C. C. P. It thus appears that the liberty of our citizens is subjected to the judgment of a court who is paid only if they are found guilty, who may take the place of the public prosecutor in the development of the evidence, who is inhibited from righting over one miscarriage of justice in his Court, and whose judgments are not subject to review by this Court unless the fine imposed in the County Court upon appeal exceeds $100.00. While the statute allows a jury trial, it places in the power of the justice of the peace the right to control the introduction of evidence, including the right to rule on the relevancy and materiality of questions propounded by himself. These several matters furnish the background of a situation so clearly at variance with constitutional guarantees given the accused that it is remarkable chiefly because it has remained unchallenged for so many decades.

It may be stated as the general rule that the acts of a judge are void who is subject to any of the disqualifications mentioned in the Constitution. Nona Mills Co. v. Wingate, 113 S. W., 182; Dolsons v. Sheridan Stove Mfg. Co., 178 S. W. 663. The rule too is that a judicial officer who has a direct interest in the case or matter to be adjudicated so that the result must necessarily affect him to his personal or pecuniary loss or gain, is disqualified. City of Oak Cliff v. State, 97 Tex. 391. Such interest must be direct, real and certain, not merely incidental, remote, contingent, or possible. Hubbard v. Hamilton County, 113 Tex. 547; Richardson v. State, 4 S. W. (2nd) 79. Following this last mentioned rule, we held in the Richardson case, supra, that a county judge's interest, if any, in a criminal case tried before him was too remote, speculative and trivial

to disqualify him. The United States Supreme Court has recently, and since the rendition of the case of Tumey v. Ohio, 273 U. S. 533–535, made practically the same holding. See Dugan v. Ohio, U. S. Supreme Court Advance Opinions, June 1, 1928, 48 S. Ct. 439, 72 L. Ed. 784. See also recent case of Vera v. State, No. 11249, by this Court, not yet officially reported.

The facts of the Tumey case, supra, are strikingly similar to those of the instant case, and upon such facts the United States Supreme Court held such a judicial officer disqualified. In the recent case of Ex parte Baer, 20 Fed. Rep. (2nd) 912, it was held that a trial judge who was entitled to a portion of the fine imposed and collected had such a direct and pecuniary interest as to disqualify him. These authorities make our duty plain, we think, to declare that our statutory laws relating to a justice of the peace, above mentioned, subject the liberty of our citizens to the arbitrary judgment of a judicial officer who is disqualified because of a direct personal and pecuniary interest, and that this judgment and all others of like character are void because in violation of the provisions of both the State and Federal Constitutions above mentioned. The trivial nature of the punishment inflicted in justice court cannot affect the question. Art 1, Sec. 3, of our State Constitution guarantees that all "free men have equal rights," so that offenders, great and small, against the law must stand equal before sovereignty and be measured by the same rules.

The following language occurs in the Tumey case, supra: "Then the circumstance that there is no judge not equally disqualified to act in such a case has been held to affect the question." While this does not necessarily control the instant decision, we will say in passing that under our Constitution the County Court has co-ordinate jurisdiction with Justice Courts in the trial of all penal offenses, wherein same may now be tried without any necessary break down in the administration of our criminal laws. The present unconstitutional status of this matter may be easily remedied by legislative enactments.

For the reasons pointed out, the judgment of the trial court is reversed and relator ordered discharged.

*Reversed and relator discharged.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.