EX PARTE CARRIE B. OWENS.

No. 11621.   Delivered January 16, 1929.

The opinion states the case.

*Adams & McAllister* of Nacogdoches for relator.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MARTIN, JUDGE.—On December 1, 1927, a judgment of conviction was entered against appellant in the County Court of Nacogdoches County for the offense of disturbing religious worship and a fine of $25.00 was therein assessed, together with $150.05 costs. On the 22nd day of December, 1927, a capias pro fine was issued

under such judgment and appellant arrested. Thereafter she sued out a writ of habeas corpus, and was remanded on a hearing to the custody of the Sheriff of Nacogdoches County, from which judgment she has appealed.

Appellant presents the point that she is illegally restrained in that she was convicted in the Justice Court of Nacogdoches County on a trial had before a justice of the peace who had taken the complaint against appellant and who was disqualified by virtue of his interest in the matter arising from the fact that his compensation depended solely upon a conviction and that from a judgment finding her guilty in such Justice Court she appealed to the County Court with the result aforesaid.

The agreed statement of facts appearing in the record is somewhat ambiguous but it is fairly inferable therefrom that the aforesaid prosecution in the County Court of Nacogdoches County, Texas, was but a continuation of the void proceeding in Justice Court and that appellant was tried and convicted upon the complaint only brought up from said justice court. The record further shows that of the costs assessed against appellant, the amount of $54.00 was justice court costs, part of which were claimed by and taxed for the justice of the peace before whom relator was originally tried. It has been pointedly decided in the case of Ex parte Kelly, 10 S. W. (2nd) 728, that a justice of the peace is disqualified to try criminal cases under the law as it existed prior to said opinion which granted to him fees only in the event of conviction. See also Ex parte Taylor West, No. 10995, decided December 19, 1928, not yet officially reported.

The appellant having brought herself within the rule laid down in these cases makes it our duty to order her discharge for the reasons which have already been fully stated and which we do not feel it necessary to here repeat.

Judgment reversed and relator ordered discharged.

*Reversed and discharged.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.