**STATE ex rel. DABNEY, Atty. Gen., v. LEDBETTER.**

No. 18323. Opinion Filed March 22, 1932.

W. A. Ledbetter and H. E. Ledbetter, for respondent.

SWINDALL, J. On October 11, 1927, an opinion was filed in this case sustaining some of the charges presented by the petitioner and dismissing others. 127 Okla. 85, 260 P. 454. On January 16, 1932, the respondent filed a petition praying for an order of this court directing the clerk of this court to enroll his name among the regular practicing lawyers of the state courts and that he may be accorded all the rights, privileges, and immunities enjoyed by attorneys at law licensed by this court, or in the alternative that this court reinstate the petitioner, H. A. Ledbetter, as a regularly licensed attorney at law, or refer the matter to the Board of Governors of the Oklahoma State Bar for its consideration. On March 7, 1932, the respondent, H. A. Ledbetter, moved the court to permit him to withdraw from the consideration of the court all that part of the petition filed herein by him on January 16, 1932, wherein the respondent requests this honorable court to find and order that the action of the Supreme Court of the United States (See 50 Sup. Ct. 349) in the matter of the disbarment of said respondent in said court is binding upon this court and said respondent respectfully requests this honorable court to pass upon the question of reinstatement presented in said petition or refer the same to the State Bar of the State of Oklahoma as prayed in his original petition. On the same date W. A. Ledbetter filed in said cause his

affidavit which, omitting the formal parts, is as follows:

"W. A. Ledbetter, after being first duly sworn, on oath states: that he was one of the attorneys for H. A. Ledbetter, from the beginning to the end of the disbarment proceedings in the Supreme Court of the State of Oklahoma; that on one occasion while said proceedings were pending in said court, Mr. Justice Riley inquired whether or not the respondent had or would seek to disqualify any members of the court on the trial of said proceedings, and that said W. A. Ledbetter in reply said that the respondent had not requested, and did not intend to request any member of the court to disqualify."

After the respondent was disbarred in the Supreme Court of the state, proceedings were had in the Supreme Court of the United States relative to the disbarment of the respondent conformably to the rules of that court. The Supreme Court of the United States appointed a committee of three members of the bar of that court to investigate and recommend to that court whether or not the respondent should be disbarred from practicing in that court. After making an investigation the committee was of the opinion that the respondent had been deprived of due process under the Constitution of the United States by reason of the fact that, in its opinion, a majority of the members of the Supreme Court of this state at the time of the hearing of the disbarment proceedings were disqualified to hear and determine said proceeding. However, upon the oral argument of the petition of respondent, filed January 16, 1932, it was acknowledged by counsel for petitioner, the respondent herein, that he did not advise the committee investigating the matter on behalf of the Supreme Court of the United States that at the hearing upon the petition to disbar the respondent before the Supreme Court of this state he did not request any of the members of the Supreme Court to disqualify upon the ground of prejudice or that they might be directly or indirectly interested in the result of the proceedings, so we cannot say what the committee investigating this matter in accordance with the order of the Supreme Court would have found had that fact been called to its attention. A similar question was before the United States Circuit Court of Appeals, Tenth Circuit, in the case of Owens v. Dancy, Sheriff, 36 Fed. Rep. (2d) 882, wherein that court held there was no violation of the due process guarantee of the Constitution of the United States, Amendment Fourteen. In that case the United States Circuit Court of Appeals cites the

cases of Patterson v. Colorado, 205 U. S. 454, 51 L. Ed. 879, 27 S. Ct. 556, 10 Ann. Cas. 689; Gasquet v. Lapeyre, 242 U. S. 367, 37 S. Ct. 165, 166, 61 L. Ed. 367. In the last case it is said:

"And, as our decisions show, there is nothing in the clauses of the 14th Amendment guaranteeing due process and equal protection which converts an issue respecting the jurisdiction of a state court under the Constitution and statutes of the state into anything other than a question of state law, the decision of which by the state court of last resort is binding upon this court."

The court then says:

"The second ground for the contention that appellant was denied a federal right because of the claimed disqualification of the justices is, we think, equally untenable. At common law the judicial act of a disqualified judge does not affect his jurisdiction. Such an act is not void, but voidable only, and is only reviewable on error or appeal, but not subject to collateral attack. 33 C. J. p. 1022."

In the case of Holloway et al. v. Hall et al., 79 Okla. 163, 192 P. 219, this court said:

"Since the adoption of sections 5812, 5816, Rev. Laws 1910, where parties had knowledge of the alleged grounds of the disqualifications of the trial judge for more than three days prior to the trial, and did not avail themselves of the procedure prescribed by section 5816, they cannot urge the disqualification on appeal, or in a collateral attack, on the judgment rendered and orders made by said judge."

The question of waiving the disqualification of judges not based on public policy, and existing only for the benefit of the party as a privilege, is discussed in the case of State v. Ham, 24 S. D. 639, 124 N. W. 955, Ann. Cas. 1912A, 1070. In that case the court held that:

"Any disqualification of a judge not based on public policy, and existing only for the benefit of the party as a privilege, may be waived."

The subject of disqualification is also exhaustively discussed by the Supreme Court of Indiana in the case of Carr et al. v. Duhme et al., 167 Ind. 76, 10 Ann. Cas. 967. The subject was also fully discussed at length in Tumey v. Ohio, 273 U. S. 510, 47 S. Ct. 437, 71 L. Ed. 749, 50 A. L. R. 1243. It seems to be the holding in the decided cases that prejudice and remote interest must be shown by the party claiming the same to exist, while a disqualification on the ground of direct interest, such as a financial interest in the judgment to

be rendered, should disqualify the judge on the ground of public policy. We feel that no useful purpose may be served by a further discussion of that issue in this case.

What constitutes due process of law is discussed in the note to the case of Mary A. Pearson et. al. v. John Yewdall et al., 95 U. S. 295, 24 L. Ed. 436; and in the case of James K. Brown v. State of New Jersey, 44 L. Ed. 119, Mr. Justice Brewer says:

"A perfectly satisfactory definition of due process may perhaps not be easily stated."

We do not think the procedure followed by this court in the disbarment proceeding deprived the respondent of due process as declared in the case mentioned and many others that might be cited.

In the case of John Patton et al. v. United States of America, 281 U. S. 276-313, 74 L. Ed. 854, the Supreme Court of the United States held that the constitutional right of one on trial for a crime to a jury of twelve persons may be waived even in the case of serious offenses, either altogether or by consent to a trial by a lesser number than twelve.

Section 2629, C. O. S. 1921, provides that:

"No judge of any court of record shall sit in any cause or proceeding in which he may be interested, or in the result of which he may be interested, or when he is related to any party to said cause within the fourth degree of consanguinity or affinity, or in which he has been of counsel for either side, or in which is called in question the validity of any judgment or proceeding in which he was of counsel or interested, or the validity of any instrument or paper prepared or signed by him as counsel or attorney, without the consent of the parties to said action entered of record: Provided, that the disqualifications herein imposed shall not exclude the disqualifications at common law."

Section 2633, C. O. S. 1921, provides that:

"Any party to any cause pending in a court of record may in term time or in vacation file a written application with the clerk of the court, setting forth the grounds or facts upon which the claim is made that the judge is disqualified, and request said judge so to certify, after reasonable notice to the other side, same to be presented to such judge, and upon his failure so to do within three days before said cause is set for trial, application may be made to the proper tribunal for mandamus requiring him so to do."

So, under the facts in the record, we hold that where the disqualification of a judge is considered a matter of public policy a waiver will not be allowed; the judge is not authorized to sit in a case even with the consent of the parties where the judge has a direct interest, such as a financial interest in the judgment to be rendered; however, where the disqualification of a judge is not considered a matter of public policy and the parties have knowledge of the alleged grounds of the disqualification of the trial judge or judges for more than three days prior to the trial and do not avail themselves of the procedure prescribed by section 2633, C. O. S. 1921, they cannot urge the disqualification upon the ground that they have been deprived of a right guaranteed to them under the Constitution of the United States, Amendment Fourteen; and that if the disqualification of a judge is not considered a matter of public policy, such disqualification may be waived under the laws of this state and the common law.

Since this cause was heard, the legislative branch of the government passed an act commonly known as the State Bar Act, said act having been held constitutional by this court in Kelly v. State Bar of Oklahoma, 148 Okla. 282, 298 Pac. 623 (Session Laws 1929, chapter 264). It was evidently the intention of the Legislature in enacting that law to provide the Supreme Court with more efficient procedure for inquiring into the conduct of the members of the bar as officers of the court and to recommend proper action in regard to the reinstating of any member of the Bar of the State of Oklahoma who may have been disbarred from practice in the courts of the state. The respondent has requested that this court reinstate him or else refer the same to the State Bar of the State of Oklahoma. After a careful consideration of all of the facts and circumstances in the case, we conclude that the question of reinstatement of the respondent should be referred to the State Bar of the State of Oklahoma for a thorough and complete investigation. Having arrived at this conclusion, we are of the opinion that the motion of the respondent filed March 7, 1932, requesting this court to grant him permission to withdraw from consideration of the court all that part of the petition filed herein by him on the 16th day of January, 1932, wherein the respondent requests this honorable court to find and hold that the action of the Supreme Court of the United States in the matter of the disbarment of said respondent in said court is binding upon this court, should be, and the same is hereby granted. Having decided to refer the case to the State Bar of the State of Oklahoma for full and complete investigation and with directions to report

upon the issue of whether or not the respondent should be reinstated, we do not deem it proper to further discuss the facts in the case at this time, as we desire it clearly understood that this court desires that said investigation be thorough and complete. It is not the desire of this court to exclude from the bar of the state any person possessing the qualifications required by law; on the other hand, we shall refuse to knowingly approve the admission of any one who is not worthy and well qualified, and we shall likewise refuse to reinstate any one who is not so qualified.

We, therefore, hold that the respondent was not deprived of due process by the decision of this court in the disbarment proceedings. We further direct that the records connected with said disbarment proceedings be referred to the State Bar of the State of Oklahoma, and by it referred to such committee or committees as may be authorized and empowered under the laws of this state and the rules of the State Bar approved by this court for the investigation of such matters, and that said State Bar or one of its committees as expeditiously as may be consistent with its duties hear evidence and report its findings of fact and recommendations to this court for proper action.

LESTER, C. J., and RILEY, HEFNER, CULLISON, ANDREWS, and McNEILL, JJ., concur. KORNEGAY, J., concurs in reasoning, dissents from result. CLARK, V. C. J., disqualified and not participating.