**Fon ROBERTS, Magistrate, District No. I, Pike County, Kentucky, Appellant,**

v.

**Brown Martin NOEL, Appellee.**

Court of Appeals of Kentucky.

May 4, 1956.

Rehearing Denied and Order Filed Dec. 14, 1956.

Henry D. Stratton, Kelsey E. Friend, Pikeville, for appellant.

Francis M. Burke, F. Dale Burke, Pikeville, for appellee.

CULLEN, Commissioner.

Fon Roberts, Justice of the Peace for Magisterial District No. 1 of Pike County, has appealed from a judgment of the Pike Circuit Court which enjoined him from taking any steps to enforce a judgment of his court imposing a fine on Brown Martin Noel, or from taking any steps to enforce the forfeiture of an appearance bond which Noel had executed, or from proceeding further in any way with the prosecution of Noel. The question presented involves the interpretation and application of the decision of the Supreme Court of the United States in Tumey v. State of Ohio, 273 U.S. 510, 47 S.Ct. 437, 71 L.Ed. 749, 50 A.L.R. 1243, with respect to the constitutionality of a judicial system under which the trial judge in a criminal prosecution is paid for his services only when there is a conviction.

Noel was arrested on a charge of drunkenness in a public place and gave bond for his appearance before Roberts on December 31, 1954. On the day set, Noel did not

appear in person, but his attorney appeared and filed an objection to the jurisdiction of the court and a motion to transfer the case to the quarterly court, on the ground that, by reason of the pecuniary interest of the justice of the peace in the outcome of the prosecution, a trial in the justice's court would constitute a denial of due process of law. The justice of the peace overruled the motion for the reason that it was not supported by affidavit of the defendant, and he announced that he would waive his costs and fees. He then entered an order forfeiting the appearance bond, impaneled a jury, and proceeded to try the defendant in absentia. The jury fixed a fine of $20, and judgment was entered accordingly. Thereupon Noel applied to the circuit court for an injunction, which was granted and from which Roberts is now appealing.

Following the decision in Tumey v. State of Ohio, 273 U.S. 510, 47 S.Ct. 437, 71 L.Ed. 749, 50 A.L.R. 1243, this Court, in Wagers v. Sizemore, 222 Ky. 306, 300 S.W. 918, held that where the defendant in a prosecution in a justice's court makes appropriate objection on the ground of pecuniary interest, a disqualification of the justice results, and if the justice proceeds to try the case and enter judgment, enforcement of the judgment may be enjoined by action in the circuit court. Subsequently, in Adams v. Slavin, 225 Ky. 135, 7 S.W.2d 836, it was held that, in the absence of an objection by the defendant, the justice of the peace has jurisdiction to try the case and his judgment is not void.

In the case now before us, Roberts seeks to distinguish the Wagers case on the ground that in that case the fine in the justice's court was only $10, and under Section 362 of the Criminal Code of Practice, the defendant had no right of appeal. He also points out that in the Tumey case the defendant did not have a right to a trial de novo on appeal. Roberts argues that since Noel's fine was $20, and under Section 362 of the Criminal Code Noel had a right of appeal with a trial de novo, the trial in the justice's court before a disqualified judge could not be considered as depriving the defendant of due process of law. Roberts

relies upon Bentley v. Moore, Ky., 239 S.W.2d 237, as authority for the proposition that the right of appeal furnishes an adequate remedy at law, so as to bar the issuance of a writ of prohibition or injunction against the judgment of a justice's court imposing an appealable fine. It is true that in the Bentley case the defendant in the justice's court, in moving for a change of venue, mentioned the pecuniary interest of the justice, but the case was argued and considered solely as a simple change of venue case, and the question of due process as involved in the Tumey case was not presented. The Bentley case has no application here.

We feel that the time has come to reconsider our interpretation and application of the decision in the Tumey case, as set forth in Adams v. Slavin, 225 Ky. 135, 7 S.W.2d 836. There we construed the Tumey case, not as declaring the *system* unconstitutional, or as depriving absolutely of jurisdiction a judge who has a pecuniary interest in the outcome of the prosecution, but only as recognizing a constitutional right of the defendant which he may or may not assert. Upon reexamining the opinion in the Tumey case, we now conclude that the Supreme Court intended to, and did, declare the entire *system* unconstitutional.

In stating the issue in the Tumey case [273 U.S. 510, 47 S.Ct. 438], Mr. Chief Justice Taft said:

"The question in this case is whether certain *statutes* of Ohio * * * deprive the accused of due process of law and violate the Fourteenth Amendment to the Federal Constitution * * *". (Our emphasis.)

In stating the conclusion of the Court he said:

"From this review we conclude that a *system* by which an inferior judge is paid for his service only when he convicts the defendant has not become so embedded by custom in the general practice, either at common law or in this country, that it can be regarded as

due process of law, unless the costs usually imposed are so small that they may be properly ignored as within the maxim 'de minimis non curat lex' ". (Our emphasis.)

While the opinion goes on to comment upon the fact that there was no right to a jury trial in the major's court in Ohio, and no right of trial de novo on appeal, this comment was preceded by the statement that "the pecuniary interest of the mayor in the result of his judgment is *not the only reason* for holding that due process of law is denied to the defendant here." (Our emphasis.)

The Supreme Court of Appeals of West Virginia, following the Tumey case, in Williams v. Brannen, 116 W.Va. 1, 178 S.E. 67, 69, held unconstitutional the West Virginia "statutory system of compensating justices." Similar holdings have been made in Texas and in Oklahoma. Ex parte Kelly, 111 Tex.Cr.R. 54, 10 S.W.2d 728; State ex rel. Dabney v. Ledbetter, 156 Okl. 23, 9 P.2d 728. There are federal court decisions to the same effect. Ex parte Baer, D.C., 20 F.2d 912; Morgan v. United States, D.C., 32 F.Supp. 546.

Mr. Justice Frankfurter, in his dissenting opinion in Bridges v. State of California, 314 U.S. 252, 62 S.Ct. 190, 203, 86 L.Ed. 192, refers to the fact that "this Court has outlawed * * * a judicial system which does not provide disinterested judges."

The year following the decision in the Tumey case, the General Assembly of Kentucky abolished the fee system of compensating judges of quarterly courts in criminal cases, and provided that the judges should be compensated by salary for their services in such cases. 1928, c. 22. Police judges are compensated by salary, rather than fees, for their services in criminal cases. KRS 26.140, 26.150, 26.170, 26.190, 26.210, 26.530. Justices of the peace in counties having a population of more than 250,000 also have been put on a salary basis. KRS 64.250. The fee system has been retained only as to justices of the peace in counties having less than 250,000 population.

It is our opinion that no justification exists for perpetuating a system that is designed and calculated to deprive accused persons of due process of law. To say, as we did in the Slavin case, that the right to trial by a judge free from prejudicial influences may be waived, is unrealistic for, as pointed out in Ex parte Baer, D.C., 20 F.2d 912, the ordinary person is not aware of his right to object to the jurisdiction; he assumes that the court before which he has been taken is a lawfully constituted one.

▄▄▄ The fact that there may be a right of appeal with trial de novo does not overcome the objectional features of the system. Under Section 367 of the Criminal Code, the justice will receive his fees, notwithstanding the appeal, if the defendant is convicted on the appeal. The incentive to convict is not lessened by the fact that an appeal may be taken. Furthermore, as stated in Williams v. Brannen, 116 W.Va. 1, 178 S.E. 67, the accused is entitled to be tried before a fair and impartial tribunal in the first instance, where he will not be faced with the alternative of paying an unjust fine or of resorting to the delay, annoyance and expense of an appeal. Also, it must be remembered that, under Section 362 of the Criminal Code, a right of appeal exists only when the judgment is for imprisonment or for a fine of as much as $20, and we think it is clear that the constitutional rights of the defendant should be recognized before he is tried—not after the judge has decided whether or not he will impose an appealable punishment.

It may be argued that the only unconstitutional feature of the system is the statute allowing fees and costs to the justice of the peace, and that the *jurisdiction* of the justice to try criminal cases, without compensation, remains. Under this theory, there would be no basis for Noel's claim of violation of due process, because Roberts waived his fees, and there would be nothing to prevent justices of the peace

from continuing, in the future, to try criminal cases, without compensation. This argument was accepted as sound, in Adams v. Slavin, 225 Ky. 135, 7 S.W.2d 836, but the Court as now constituted takes a different view, for the reasons hereinafter set forth.

While the legislature clearly would have authority to require justices of the peace to try criminal cases without compensation, we think it is equally clear that the legislature did not intend that such a burden be placed upon the justices of the peace in Kentucky. Applying the standard rule of severability, we think the legislature would not have passed the statutes conferring criminal jurisdiction upon justices of the peace without the accompanying provisions for compensation. A system under which the justices would serve without compensation could give rise to a number of evils, such as fee-splitting, and would not be conducive to fair administration of justice.

■ It is our opinion that until some other method of compensation is provided by statute, justices of the peace in counties having less than 250,000 population have no jurisdiction to try criminal cases. This does not affect their jurisdiction to hold examining trials in criminal cases, however, or their jurisdiction in civil cases.

Adams v. Slavin, 225 Ky. 135, 7 S.W.2d 836, is overruled.

■ Since Roberts was attempting to proceed without jurisdiction, it was proper for the injunction to be issued by the circuit court. Wagers v. Sizemore, 222 Ky. 306, 300 S.W. 918.

The judgment is affirmed.

Order On Petition for Rehearing.

MILLIKEN, Chief Justice.

The appellant's petition for a rehearing coming on to be heard, and there having been presented to the Court a motion of the appellant to withdraw said petition; also a motion by one Taylor (Dock) Justice, Magistrate for District No. 4 of Pike County, to be substituted as appellant, accompanied by his brief in support of a rehearing; also briefs in support of the opinion on behalf of the Kentucky State Bar Association and briefs in support of a rehearing on behalf of the Magistrates' and Commissioners' Association of Kentucky; and the Court being advised,

It is ordered that a rehearing be denied and that the opinion of May 4, 1956, shall stand as the opinion of this Court.

■ However, it appearing that the immediate abolition of the criminal jurisdiction of justices of the peace, in the absence of remedial legislation by the General Assembly, may cause great public inconvenience, and may impede the prompt administration of justice in misdemeanor cases; and it further appearing that appropriate remedial legislation may not be attainable during the remainder of the terms of the justices of the peace now in office; and it further appearing that reasonably adequate protection of the constitutional right of fair trial, during a necessary transition period, will be afforded through the long recognized right of a defendant to demand that his case be tried by an impartial court, provided that notice of this right is given to the defendant by the justice of the peace before whom he is brought for trial,

It is further ordered that the mandate upon the opinion of May 4, 1956, be withheld until the expiration of the current term of office for justices of the peace, on January 5, 1958.