**T. Ed ASHER, Jailer of Bell County, and Jess Slusher, Judge, Bell Quarterly Court, Appellants,**

**v.**

**Leonard MILLS, Appellee.**

Court of Appeals of Kentucky.

Nov. 17, 1967.

William S. Tribell, Bell County Atty., Pineville, for appellants.

Lowell Lundy, Pineville, for appellee.

OSBORNE, Judge.

Leonard Mills, the appellee in this case, was arrested under a warrant issued by Jess Slusher, Judge of the Bell Quarterly Court, who is one of the appellants herein. The warrant charged him with possessing alcoholic beverages in dry territory for the purpose of sale. On the trial of the case and before the jury had been selected, one of the prospective jurors in the presence of all other jurors asked how the jurors would be paid. The Judge answered that they would be paid only if they found the defendant guilty. After the presentation of the Commonwealth's evidence the defendant moved for a directed verdict on the ground that the system used for compensating jurors was unconstitutional. This objection was overruled, the defendant presented no evidence, and the case was submitted to the jury which returned a verdict of guilty fixing punishment at a month's imprisonment and a fine of twenty dollars.

While incarcerated in the Bell County Jail pursuant to this order, appellant instituted this habeas corpus proceeding claiming that his conviction was void. The Circuit Court found that the conviction was void and ordered his release. The Bell County Attorney prosecutes this appeal on behalf of the defendants below, the Bell Quarterly Court Judge and the Bell County Jailer.

We find it necessary to dismiss the appeal for two reasons. First, this is a matter in which the Commonwealth is interest-

ed, for the question is the validity of a criminal conviction. KRS 15.020 provides that the Attorney General shall represent the Commonwealth before this court in such cases. KRS 69.020 which sets out the duties of the county attorney does not provide for the county attorney to represent the Commonwealth in such appeals. The record does not disclose any notice to the Attorney General or acquiescence by the Attorney General in the appeal.

Secondly, the appellants do not question the correctness of the decision of the trial court, but readily concede that the holding therein was proper. The issue they argue is the method of payment to juries in quarterly courts—an issue not presented by this appeal. They in effect are seeking an advisory opinion on an issue not before this court.

 We do not feel we can disregard the issue of improper parties and lack of controversy and on our own decide the merits. However, if the case were so treated the result would have to be the same. This court has long since decided in Wagers v. Sizemore, 222 Ky. 306, 300 S.W. 918, and Roberts v. Noel, Ky., 296 S.W.2d 745, that a system whereby the decision maker in a criminal case is paid only if the defendant is found guilty violates the fourteenth amendment to the United States Constitution. It makes no difference whether the decision maker be the judge as in those cases, or the jury, as in this case. Indeed, a jury might be even more subject to this type of influence than a judge. It has also been decided by this court in Roberts v. Noel, supra, that such defect is not cured by the right to appeal de novo for "the accused is entitled to be tried before a fair and impartial tribunal ·in the first instance, where he will not be faced with the alternative of paying an unjust fine or of resorting to the delay, annoyance and expense of an appeal."

The appeal is dismissed.

All concur.