## Ex Parte Taylor West.

No. 10995.   Delivered December 19, 1928.

The opinion states the case.

*Thos. F. Whiteside, Jr.* and *Warren P. Castles* of Houston for appellant.

*Robt. M. Lyles,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Appellant was remanded to the custody of the sheriff of Harris county after a hearing upon his writ of habeas corpus whereby he sought release from custody after a commitment issued by a justice of the peace following the conviction of appellant for a misdemeanor.   It was shown on said hearing that the justice taxed against appellant fees amounting to $7.65, and that such fees were the only compensation of said justice in said case; and it was further shown that had appellant not been convicted said justice would have received no fees.   In other words, it was shown without controversy that said justice sat as judge in this case in the decision of which he had a pecuniary interest to the extent of said fees.   The contention of appellant is and was that said justice was therefore disqualified to sit in the trial of said case, and that any judgment rendered by him would be null and void in consequence of the provisions of Sec. 11, Art. 5 of our Constitution which forbids any judge to sit in a case in which he is interested.   The point here presented is identical with that recently decided by us in Ex parte Kelly, No. 11814, opinion November 7, 1928,—not yet reported. In view of discussions and regarding the attitude of this court as understood from the opinion in said Kelly case, we desire to say further that we did not intend by anything said in that opinion to hold that the justice court has no jurisdiction in misdemeanor cases.

Such jurisdiction is fixed by the terms of Sec. 19, Art. 5 of our Constitution. The fact that the legislature of this State in attempting to fix fees of office, unfortunately made the fees of justices of the peace in ordinary criminal trials payable only in consequence of conviction,—could have no further effect than to disqualify any justice who claimed, or collected or attempted to collect such fees, but if compensation be provided for such justices from other sources, or if the duly qualified justice should see fit to exercise his prerogative to try such cases without compensation, it would seem plain that there would be thus no disqualification, and therefore no legal hindrance to the continued functioning of such justice within the jurisdictional limitations fixed by the Constitution. The instant case however, in common with the Kelly case, supra, by its manifestation of the taxing against appellant of the fees allowed by statute to the justice of the peace, evidences the disqualification of such justice because of interest in the outcome of the case. . For this reason his judgment is null and void, and it follows that the learned trial judge was in error in remanding appellant. The authorities are noted in the Kelly case, supra, and a recital of them here would be superfluous.

The judgment of the court below is reversed and the release of appellant from liability under the judgment rendered is ordered.

*Reversed and relator discharged.*