## Ex Parte T. B. Richmond.

No. 12484.   Delivered. February 27, 1929.

The opinion states the case.

*Jesse Owens* of Crowell, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MARTIN, Judge.—Relator was convicted of a misdemeanor in a Justice Court of Foard County.  Arrested under the judgment of conviction, relator sued out a writ of habeas corpus before the District Court of Foard County and upon a hearing was remanded to the custody of the Sheriff of said county, from which order he appeals to this Court.

This record presents the point of whether or not a judgment of conviction is void which is entered by a Justice of the Peace who waives all claim to any fees and who neither claims, collects nor attempts to collect the fees heretofore allowed Justices of the Peace under the statute.

Relator relies upon the recent case of Ex parte Kelly, 10 S. W. (2nd) 728, to sustain his position.  The Kelly case is authority only for the proposition that a Justice of the Peace claiming and taxing as costs the fees provided by statute, and collectible only in case of conviction, with no provision for remuneration in case of acquittal, was disqualified to try an accused under such state of facts.

A Texas Justice Court is a creature of the State Constitution. Its life and its jurisdiction came from this source.  Its existence is therefore beyond the power of legislative enactment to destroy.  If

the statutory enactment regarding Justice of the Peace fees, above mentioned, had the effect of making impotent all Justice Courts by rendering the agency through which they function powerless to act under all circumstances, it would in effect be giving to the Legislature the power to destroy what the Constitution has created, a thing that cannot be. If a Justice Court is prevented from functioning, even though no facts disqualifying the Justice of the Peace are present, does not this in effect nullify the provision of the Constitution creating such Court?

In this case, among other things, the Justice of the Peace before whom relator was tried testified:

"I did not collect any costs in this case, neither did I assess any, and I did not go into trial for that purpose. I did not intend to charge any costs for the Justice of the Peace. Since the decision of the Court of Criminal Appeals has been handed down I have made it a point to not assess any costs where there is a plea of not guilty."

The intimation is plain in the recent case of Ex parte West, 12 S. W. (2nd) 216, that under such a state of facts as is here present, no disqualification of the Justice of the Peace exists.

Believing that a correct disposition was made of this case by the trial court and that relator is properly in custody, the judgment of the trial court is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.