EX PARTE S. V. BIGGS.

No. 12454.   Delivered February 6, 1929.

The opinion states the case.

*W. W. Graham,* for relator.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MARTIN, JUDGE.—Appellant was convicted in a Justice Court of Reeves County, Texas, and upon appeal from such conviction to the County Court, was again convicted and was arrested and is now held upon a capias pro fine issued under such last judgment of conviction in County Court. Upon such arrest appellant sued out a writ of habeas corpus and was remanded on hearing, from which judgment he appeals.

The point presented for determination is whether or not relator is illegally restrained of his liberty because of his conviction before a Justice of the Peace who was disqualified by virtue of his interest in the matter arising from the fact that his compensation depended solely upon a conviction.

It is inferable from the record that the prosecution in County Court was but a continuation of the prosecution in Justice Court and that the proceedings in County Court had for their basis the judgment of conviction in Justice Court. That a Justice of the Peace is disqualified to try criminal cases under the law as it existed at the time of the trial of appellant has been pointedly decided in the case of Ex parte Kelly, 10 S. W. (2d) 728. See also Ex parte Carrie B. Owens, No. 11621, appeal from Nacogdoches County, not yet officially reported. The exact point presented here was decided in the last mentioned case in favor of appellant.

The original proceedings in Justice Court being entirely void, there was nothing upon which an appeal to County Court could be predicated and nothing existed as a basis for a prosecution in County Court. If an information had been filed in County Court based entirely upon the original complaint filed in Justice Court and no attempt made to illegally tax the costs of the void proceeding in Justice Court, a different question might be present. In this case it affirmatively appears that a fine and the entire costs of the Justice Court proceeding were illegally taxed as costs in the County Court, including a fee of $4.80 for the Justice of the Peace who tried the case.

Under the facts presented in this record it is our duty to reverse the judgment of the lower court and order appellant discharged, which is accordingly so ordered.

*Relator discharged.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.