## Howard v. Commonwealth.

(Decided October 11, 1929.)

JOHN M. THEOBALD for appellant.

J. W. CAMMACK, Attorney General, and SAMUEL B. KIRBY, JR., Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Reversing.

Appellant, a justice of the peace of Carter county, was indicted for "knowingly demanding and attempting to collect more for his official services than is allowed by law." On his trial he was found guilty and fined $100. From the judgment entered on the verdict, he appeals. Section 1755 of the Statutes under which this indictment was found reads:

"Any officer who shall split up and divide his services so as to make two charges, when the law in-

tended but one charge or fee for the whole service, or who shall knowingly make an illegal charge, or issue an illegal fee-bill, or collect, or attempt to collect, his fees twice for the same services, or shall, by any indirection, collect, or attempt to collect more for his services than is allowed by law, shall be guilty of a misdemeanor, and fined not less than fifty dollars ($50.00) nor more than two hundred dollars ($200.00)."

This section is part of article 17 of the Act of June 15, 1893, entitled "An act relating to fees." Articles 1 to 14 of this chapter provide schedules of fees for services which may be rendered by the officers to which the respective articles refer. Article 15 provides how fee bills shall be made out, and article 16 when such bills are due and distrainable. Article 17 relates to "Illegal Fee Bills."

The facts of this case are these: One C. B. Eifort was arrested on a warrant issued by appellant for a violation of the liquor laws. When he was presented before the appellant, the latter transferred the case to the police court of the city of Olive Hill for trial. Eifort was there found guilty and fined $10 and the costs, which amounted to $5.65. Eifort paid the fine and costs, which, under the statute, went into the treasury of the town whose police judge was paid a regular salary. Later appellant presented a claim to the council of Olive Hill for the $5.65 costs paid into its treasury by Eifort. Conceiving that the appellant was not entitled to any costs paid by Eifort, or at least beyond such fees as the statute allows a magistrate for issuing a warrant and transferring a case to another court for trial, the council declined to allow the claim. Thereupon appellant was indicted as hereinbefore stated.

His defense was based upon the following state of case which the court did not permit him to get before the jury: Due to the rulings of the Supreme Court in Tumey v. Ohio, 273 U. S. 510, 47 S. Ct. 437, 71 L. Ed. 749, 50 A. L. R. 1243, and of this court in Wagers v. Sizemore, 222 Ky. 306, 300 S. W. 918, appellant, as a justice of the peace whose remuneration in criminal cases depended on fees he could collect from convicted defendants, was required, on seasonable objection by those brought before him accused of some misdemeanor, to transfer such cases to some court, the judge of which was not likewise disquali

fied to try the case. As the police judge of Olive Hill received a regular salary, he was not disqualified to try these misdemeanor cases, and hence the appellant could, if he wished, transfer to the police court of Olive Hill such cases as had to be transferred from his court elsewhere for trial. He therefore entered into a contract with the city of Olive Hill, which was anxious to have its treasury enriched by the fines that would accrue from the cases transferred by appellant to its police court, to transfer to the police court of Olive Hill all cases requiring transfer, in consideration of which the city agreed to pay him all costs it might collect in such cases. He and the city acted under this contract without any dispute until a change of administration took place in the city and then, when he presented his bill for the Eifort case, the new council disallowed it, and this indictment followed.

The lower court was correctly of the opinion that this agreement relied upon by the appellant was against public policy and illegal. But whether it correctly withheld it from the jury, we need not inquire for we are of the opinion that the court should have sustained the appellant's motion for a peremptory instruction made at the close of the commonwealth's case. Section 1755 of the Statutes under which this indictment was returned has no reference whatever to a state of case such as is here presented. Its provisions are directed against an officer collecting or attempting to collect from the parties to an action or to whom the services for which the fees are claimed to have been rendered illegal or excessive fees. The analysis of the chapter relating to fees which we gave in the earlier part of the opinion makes this quite plain. After providing a schedule of fees, the chapter provides how fee bills are to be made out, and a reading of section 1749 of the Statutes covering this phase of the chapter discloses that fee bills are to be made out against those to whom the services have been rendered. Section 1757, which follows hard upon Section 1755, provides for a liability on the part of an officer issuing an illegal fee bill to any person for any distress made on his property by virtue of such fee bill. All this confirms the view that the provisions of section 1755 should be construed as we have construed them above. The appellant was not in this case endeavoring to collect any fees whatever from Eifort, but was attempting

to collect what he thought was due him from the city of Olive Hill, which had collected the costs admittedly due it by Eifort. Appellant's claim against the city was no fee bill and was not for services rendered it. Hence section 1755 did not apply. This being true, the court should, as requested by the appellant, have peremptorily instructed the jury to find for him at the close of the commonwealth's case. The judgment is therefore reversed, with instructions to grant the appellant a new trial in conformity with this opinion.

Whole court sitting.