## Talbott, Auditor of Public Accounts, v. Jones.

(Decided Dec. 15, 1933.)

BAILEY P. WOOTTON, Attorney General, and S. H. BROWN, Assistant Attorney General, for appellant.

FRANK W. JONES for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Affirming.

The question involved on this appeal is the right of the county attorneys elected for the term beginning January 1, 1930, to 40 per cent. of the fines and forfeitures recovered in prosecutions before the county judge for violations of the State Prohibition Act, commonly known as the Rash-Gullion Act, Kentucky Statutes, sec. 2554a-1 et seq. This act was passed in 1922. By section 43 thereof, now section 2554a-43 of the Statutes, it was provided that for the services enjoined upon him by the act in connection with inferior courts, the commonwealth's attorney should receive the same per centum of fines and forfeitures therein recovered as then provided by law for his services in the circuit courts. The same section further provided that the county attorney for his services should receive the same com-

pensation as then provided by law for his services in the county and police court. At that time, the commonwealth's attorney received for his services in the circuit court 50 per cent. of the fines and forfeitures recovered there, Kentucky Statutes, 1922 Edition, sec. 124, and the county attorney received for his services in the county and police courts, 30 per cent. of the fines and forfeitures there recovered with certain adjustments for small fines not here material. Kentucky Statutes, 1922 Edition, sec. 133. This was the situation in 1928 when chapter 29 of the Acts of that year, Kentucky Statutes, 1930 Edition, sec. 133a-1, became effective. That act provided:

"From all fines and forfeitures recovered in all prosecutions before any county judge or magistrate, the county attorney shall receive from the treasurer forty [40%] per centum of such fines and forfeitures, and the commonwealth's attorney where actually present and assisting in such prosecution shall receive forty [40%] per centum of such fines and forfeitures when recovered and paid into the treasury, as provided by law, and provided, however, that if the judgment be for twenty-five [$25.00] dollars or less, exclusive of costs, the county attorney shall receive a fee of five [$5.00] dollars, which shall be taxed as cost and belong to him.

"All laws or parts of laws in conflict herewith, and especially sections 124 and 133, Kentucky Statutes, Carroll's 1915 edition, and section 2554a-43, Kentucky Statutes, Baldwin's 1926 Supplement, being section 43 of Chapter 33, Acts of the General Assembly of 1922, hereby are repealed to the extent only of the conflict between this act and of said sections."

In so far as this act was applicable to fines and forfeitures recovered in prosecutions under the Rash-Gullion Act, it was ineffective as to the county attorneys and commonwealth's attorneys then in office because of constitutional inhibitions against changing the compensation of public officers during the term for which they have been elected. The terms of the commonwealth's attorneys then in office do not expire until January 1, 1934. However, the terms of the county attorneys then in office expired with the year 1929 and a new term for the county attorneys began January 1,

1930. So under the wording of the 1928 Act, as affected by the constitutional inhibition so far as it applied to the commonwealth's attorney, after January 1, 1930, and up to January 1, 1934, the county attorney was to receive 40 per cent. of the fines and forfeitures recovered before the county judge for violations of the Rash-Gullion Act and the commonwealth's attorney, 50 per cent. During all the times herein mentioned, the trustee of the jury fund received on his compensation 3 per cent. of these fines and forfeitures. Kentucky Statutes, sec. 2290. Up until 1928, the county judge received as part of his compensation the same per cent. of fines and forfeitures recovered before him as circuit clerks received for similar services. Kentucky Statutes, 1922 Edition, sec. 1731. Circuit clerks received 10 per cent. of the fines and forfeitures recovered in their court. Kentucky Statutes, sec. 1721. To meet the situation created by the opinion of this court in Wagers v. Sizemore, 222 Ky. 306, 300 S. W. 918, and that of the Supreme Court in Tumey v. Ohio, 273 U. S. 510, 47 S. Ct. 437, 71 L. Ed. 749, 50 A. L. R. 1243, the Legislature passed chapter 22 of the Acts of 1928, the effect of which was to place the county judge on a salary basis so far as the trial of misdemeanors was concerned, and to take away from him the per cent. of fines and forfeitures recovered before him and theretofore going to him. As held, however, in the case of Adams v. Slavin, 225 Ky. 135, 7 S. W. (2d) 836, the act could not apply to the county judges then in office. However, the new term of the county judges began in January, 1930, and the 1928 Act has been applicable to them since then. This same chapter 22 of the Acts of 1928, part of which is now section 1139a-1 of the 1930 Edition of the Statutes, further provided:

> "That the several counties of the Commonwealth shall receive from the state treasury all fines and forfeitures paid into it by the county judge of each county, respectively, through the trustees of the jury fund, as now, except that part of same now allowed by law to officers other than county judges."

It is the contention of the state auditor that during the period here involved under the various sections of the statutes which we have mentioned or quoted above, the trustee of the jury fund receives 3 per cent. of the

fines and forfeitures recovered in prosecutions before the county judge for violations of the Rash-Gullion Act, the commonwealth's attorney 50 per cent. of such fines and forfeitures, the counties the 10 per cent. formerly going to the county judge, and that to say the county attorneys should receive 40 per cent. of such fines and forfeitures would result in a distribution of 103 per cent.—a palpable impossibility. He, therefore, argues that since it was not constitutionally possible to reduce the commonwealth's attorneys' portion of these fines and forfeitures from the 50 per cent. he had been getting to the 40 per cent. provided for by chapter 29 of the Acts of 1928, until January 1, 1934, the county attorney should not be raised from the 30 per cent. he had been getting to the 40 per cent. provided for in the 1928 Act until January 1, 1934, since it was the evident intention of the Legislature to couple the fall in the commonwealth's attorney's compensation with the rise in that of the county attorney. In view of the changes made with reference to the county judge's compensation at this same session of the Legislature and embodied in chapter 22 of the Acts of that year, we cannot concur in this argument of the state auditor. We have no doubt but that the Legislature intended by its 1928 legislation that the changes it was making in the compensation of the commonwealth's attorney, county attorneys, and county judges should go into effect with reference to these officers as soon as such changes could constitutionally do so. It knew that the change with reference to the commonwealth's attorney could not constitutionally become effective before January 1, 1934, but that the Constitution did not stand in the way of the changes provided for the county judge and county attorney after January 1, 1930. The Legislature having this knowledge in mind, we are convinced that it meant by that part of chapter 22 of the Acts of 1928, now embraced in section 1139a-1 of the Statutes, to deduct from the part of the fines and forfeitures going to counties, the per cent. allowed by law to officers other than the county judge. Of course, since January 1, 1930, the county judge, as we have seen, gets no part of such fines and forfeitures. The provision in this section 1139a-1 reading "except that part of same now allowed by law" meant the per cents. in effect prior to chapter 29 of the Acts of 1928 as and to the extent affected by that act. Hence, until 1930, the deduction

for the county attorney was 30 per cent. but thereafter, 40 per cent. With this construction placed on this section 1139a-1 of the Statutes, we are faced with no such impossibility with reference to the distribution of these fines and forfeitures as the auditor fears. The commonwealth's attorney will get' his 50 per cent. during the period here in controversy, the county attorney his 40 per cent., and the trustee of the jury fund his 3 per cent. All this totals 93 per cent. and the county will get the rest. Thus we arrive at what clearly was the intent of the Legislature and to which effect should be given. We are, therefore, of the opinion that the lower court in ruling that during the period January 1, 1930, to January 1, 1934, the county attorney is entitled to 40 per. cent. of the fines and forfeitures recovered before the county judge in prosecutions under the Rash-Gullion Act was correct and its judgment in so holding is affirmed.

Whole court sitting.