**Henry CLIFTON, Appellant,**

v.

**Earl BLACKBURN, Police Judge, Prestonsburg, Ky., a Municipal Corporation of the Fourth Class, Appellee.**

Court of Appeals of Kentucky.

June 11, 1971.

Francis D. Burke, Burke & Justice, Pikeville, for appellant.

Albert A. Burchett, Martin, for appellee.

PALMORE, Judge.

The appellant, Clifton, is the defendant on a speeding charge pending in the Prestonsburg Police Court, of which the appellee, Blackburn, is judge. Clifton brought this action in the Floyd Circuit Court to enjoin Judge Blackburn from proceeding with the police court case upon the ground that since neither the police court nor the city makes provision for the payment of jurors for their services the juries empaneled from time to time in that court are illegally constituted, hence Clifton will be denied his statutory right under KRS 26.400 to have a trial by jury. He appeals from a judgment sustaining defendant's motion to dismiss the complaint.

It was stipulated among other things that neither the city nor the police court has created a fund out of which jurors may be paid for their services in criminal cases, that no jury fees will be taxed as costs against Clifton in event of his conviction

in the police court, and that the jurors will not be paid.

The various constitutional and statutory provisions cited by Clifton are as follows:

Const. § 248: In civil and misdemeanor cases in courts inferior to the circuit court juries shall consist of six persons.

KRS 26.400(4): In the police court of a fourth-class city the accused may have a jury if he can be fined more than $20.

KRS 26.430(4): Fees and costs shall be taxed in police courts as in other courts with similar jurisdiction.

KRS 29.390(3): Jurors in inferior courts, except in counties containing a second-class city, shall be paid 50¢ per case but not exceeding $1.00 per day.

KRS 29.410(2): In courts inferior to the circuit court the cost of a jury shall be paid by the party demanding it and taxed as costs against the unsuccessful party.

KRS 26.480: A person fined in the police court of a fourth-class city may be compelled to work out the fine and costs.

We see no reason to discuss the right to a jury trial and the right to be tried by jurors who have no interest in the outcome of the trial. That the jurors will not be paid precludes any prospect that their decision could be influenced by the contingency of a 50-cent reward, thus distinguishing the case from Asher v. Mills, Ky., 421 S. W.2d 78 (1967). No authority is cited for, and we are not prepared to accept, the proposition that a jury empaneled without provision for or prospect of payment for the services of its individual members is not legally constituted. Perhaps the people summoned for service could refuse to act, but if they sit and are not otherwise disqualified they are competent jurors. That they are not being paid according to law is of no prejudice, or even legitimate interest, to Clifton in his capacity as a defendant in a criminal proceeding.

The judgment is affirmed.

All concur.